IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALBERT G. HILL, JR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-1298-L** |
| | § | |
| **FIRST TENNESSEE BANK, N.A.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Temporary Administrator of the Estate of Albert G. Hill, Jr.'s ("Hill Jr.") Motion to Substitute (Doc. 52) ("Motion to Substitute"), filed April 24, 2018. By her motion, Margaret Keliher ("Keliher"), the Temporary Administrator of the Estate of Hill Jr. (the "Estate") seeks to substitute into the above-captioned case for Hill Jr., who died on December 2, 2017. Having considered the motion, response, record, and applicable law, the court **denies without prejudice** Keliher's Motion to Substitute (Doc. 52).

### I.     Background

The court assumes the parties' familiarity with this case and limits its recitation of background facts to those directly relevant to Keliher's Motion to Substitute. On January 2, 2018, counsel for Hill Jr. filed a Suggestion of Death, stating, "on the record, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the death of [Hill Jr.], Defendant, on December 2, 2017." Statement Noting Death (Doc. 51). On December 7, 2017, an Application for Probate of Will and Issuance of Letters Testamentary was filed in Probate Court No. 2 of Dallas County, Texas (the "Probate Court"). *See Estate of Albert Galatyn Hill, Jr.*, *Deceased*, PR-17-04117-2, pending in the

**Memorandum Opinion and Order - Page 1**

Probate Court No. Two of Dallas County, Texas. On January 5, 2018, Keliher filed an Emergency Application for Appointment of Temporary Administrator with the Probate Court, advising it of these proceedings and those in a closely related matter, Civil Action No. 3:07-CV-02020-L, and the need for someone to represent the Estate of Hill Jr. in both proceedings. On January 10, 2018, the Probate Court granted Keliher's application and appointed her as Temporary Administrator of the Estate of Hill Jr.

On April 24, 2018, Keliher filed her Motion to Substitute. Keliher moves to substitute into this action, among other things, to finalize the Settlement Agreement and Release dated October 23, 2017 (the "Settlement Agreement") between Hill Jr. and Defendant First Tennessee Bank, National Association ("FTB"). On May 15, 2018, Defendant FTB filed its response to the Motion to Substitute. FTB's Resp. (Doc. 53). In its response, FTB recognizes that Keliher is the duly appointed Temporary Administrator of Hill Jr.'s Estate and that the "Probate Court has specifically authorized [her] to carry out the parties' Settlement Agreement and finalize the resolution of this lawsuit." *Id.* at 1-2. While reserving its right to object to the court's initial determination that Hill Jr. had standing to bring the claims asserted in this case, FTB does not oppose the Motion to Substitute.

## II.  Legal Standard - Federal Rule of Civil Procedure 25(a)

Rule 25(a)(1) of the Federal Rules of Civil Procedure authorizes the substitution of proper parties in the event of an existing party's death while litigation is ongoing. It provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. **If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.**

**Memorandum Opinion and Order - Page 2**

Fed. R. Civ. P. 25(a)(1) (emphasis added). Under Rule 25(a)(1), the court must, therefore, inquire into whether: (1) the claims pled are extinguished; (2) the motion is timely; and (3) the person being substituted is the proper party. Notably, Rule 25 "does not resolve the question [of] what law of survival actions should be applied. [It] simply describes the *manner* in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978) (alterations and emphasis in original); *see also* 7C Charles Alan Wright et al., Federal Practice and Procedure § 1952 (3d ed. 2017 supp). ("Rule 25 is procedural . . . . Whether the death of a party extinguishes a claim for or against the party is not a question of procedure. It is a question of substance on which the state law ordinarily governs.").

### III. Analysis

As previously explained, on January 2, 2018, counsel for Hill Jr. filed a Suggestion of Death, stating, "on the record, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the death of [Hill Jr.], Defendant, on December 2, 2017." Statement Noting Death (Doc. 51). Under Rule 25(a)(1), Keliher had ninety (90) days—until April 2, 2018—to move to substitute. *See* Fed. R. Civ. P. 25(a)(1). Keliher filed her Motion to Substitute on April 24, 2018. As more than the ninety days have passed since the Suggestion of Death was filed, the court denies Keliher's Motion to Substitute. *See* Fed. R. Civ. P. 25(a)(1) ("[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

As previously recognized by the undersigned, however, "[t]hough couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the ninety-day period may be extended" pursuant to Federal Rule of Civil Procedure 6(b)(1). *Yazdchi v. American Honda Fin.*

*Corp.*, 2006 WL 2456495, at *3 n.2 (N.D. Tex. Aug. 23, 2006) (Lindsay, J.) (citing *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir.1993)). Rule 6(b)(1) provides:

> (b) Extending Time.
>
> > (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> >
> > > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> > >
> > > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).

Numerous courts have reached this same conclusion, recognizing that, in keeping with the Advisory Committee Notes to Rule 25, the ninety-day requirement for filing a motion to substitute may, under certain circumstances, be extended by Federal Rule of Civil Procedure 6(b)(1). *See, e.g., Rowland v. GGNSC Ripley, LLC*, 2015 WL 12999757, at *2 (N.D. Miss. Nov. 23, 2015) ("While couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the 90–day requirement may be extended by Federal Rule of Civil Procedure 6(b).") (citation omitted); *Trigo v. TDCJ-ID Officials*, 2011 WL 335090, at *6 (S.D. Tex. Jan. 31, 2011) (collecting cases) ("Notwithstanding the mandatory language of Rule 25(a)(1), courts have held that a Rule 6(b) motion to enlarge the time within which to move for substitution under Rule 25(a), even one brought delinquently, may be entertained by a court within its discretion if the moving party shows excusable neglect.").

Upon consideration, and in the exercise of its discretion to enlarge the time period for filing a motion for substitution under Federal Rule of Civil Procedure 25(a)(1), the court will **deny**

**without prejudice** Keliher's Motion for Substitution. Keliher will be permitted to seek an extension of the ninety-day deadline.

IV.     **Conclusion**

Based on the foregoing, the court **denies without prejudice** the Temporary Administrator of the Estate of Albert G. Hill, Jr.'s Motion to Substitute (Doc. 52). Keliher is allowed until **Tuesday, May 29, 2018**, to file a motion to extend the Rule 25(a) deadline to allow for the filing of an amended motion for substitution. Such motion to extend, if filed, must: (i) establish excusable neglect for failing to meet the 90-day deadline; and (ii) not seek an extension of the 90-day deadline beyond **June 11, 2018**. Defendant FTB may file a response to the motion to extend within seven (7) days of the motion's filing. Should the court allow Keliher to file an amended motion for substitution, Defendant FTB may respond within seven (7) days of its filing. No further submissions or briefing beyond that authorized by this order will be permitted.

**So ordered** this **22nd day** of **May, 2018.**

_____
Sam A. Lindsay
United States District Judge