IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALBERT G. HILL, JR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-1298-L** |
| | § | |
| **FIRST TENNESSEE BANK, N.A.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Margaret Keliher ("Keliher"), as Temporary Administrator of the Estate of Albert G. Hill, Jr.'s ("Hill Jr.") Unopposed Motion to Extend the Federal Rule of Civil Procedure 25(a) Deadline, filed May 25, 2018 (Doc. 55). By her motion, Keliher seeks an extension of the deadline to file a motion to substitute pursuant to Federal Rule of Civil Procedure 25(a) to June 11, 2018.[1] Having considered the motion, the lack of opposition by Defendant First Tennessee Bank, National Association ("FTB"), record, and applicable law, the court **grants** Keliher's Unopposed Motion to Extend the Federal Rule of Civil Procedure 25(a) Deadline (Doc. 55).

**I. Background**

The court assumes the parties' familiarity with this case and limits its recitation of background facts to those directly relevant to Keliher's Unopposed Motion to Extend the Federal

---

[1] Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

**Memorandum Opinion and Order - Page 1**

Rule of Civil Procedure 25(a) Deadline.  On January 2, 2018, counsel for Hill Jr. filed a Suggestion of Death, stating, "on the record, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the death of [Hill Jr.], Defendant, on December 2, 2017." Statement Noting Death (Doc. 51). On April 24, 2018, twenty-two days after the expiration of the ninety-day deadline to file a motion to substitute under Rule 25, Keliher filed, without leave, her unopposed Motion to Substitute in this action. On May 22, 2018, the court issued an order denying Keliher's Motion to Substitute as untimely, stating:

> [O]n January 2, 2018, counsel for Hill Jr. filed a Suggestion of Death, stating, "on the record, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the death of [Hill Jr.], Defendant, on December 2, 2017." Statement Noting Death (Doc. 51). Under Rule 25(a)(1), Keliher had ninety (90) days—until April 2, 2018—to move to substitute. *See* Fed. R. Civ. P. 25(a)(1). Keliher filed her Motion to Substitute on April 24, 2018. As more than the ninety days have passed since the Suggestion of Death was filed, the court denies Keliher's Motion to Substitute. *See* Fed. R. Civ. P. 25(a)(1) ("[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

Mem. Op. & Order 3 (Doc. 53).  The court denied Keliher's Motion to Substitute **without prejudice**, however, noting that "[t]hough couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the ninety-day period may be extended" pursuant to Federal Rule of Civil Procedure 6(b)(1)." *Id.* (citing cases).

## II.     Legal Standard

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides that, "for good cause," a court may extend a deadline before the original deadline or its extension expires. A party seeking an after-the-fact extension, however, bears the heavier burden of demonstrating both "good cause" and "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time . . . on motion made **after the time has expired** if the party failed to act because of

excusable neglect.") (emphasis added). There are four non-exclusive factors for determining whether a late filing may constitute "excusable neglect": (1) the danger of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008) (listing four factors). At bottom, "excusable neglect" is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time. *Pioneer Inv. Servs.*, 507 U.S. at 395.

"[Rule 6(b)(1)(B)'s] requirements are quite flexible, and the district judge enjoys broad discretion to grant or deny an extension[.]" 4B The Late Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (4th ed. Supp. 2018). As further stated:

> Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time. Common sense indicates that among the most important factors are the possibility of prejudice to the other parties, the length of the applicant's delay and its impact on the proceeding, the reason for the delay and whether it was within the control of the movant, and whether the movant has acted in good faith.

*Id.* (internal citations omitted).

Courts have applied Rule 6(b)(1) to requests for extensions of time to file motions to substitute under Rule 25. *See, e.g., Rowland v. GGNSC Ripley, LLC*, 2015 WL 12999757, at *2 (N.D. Miss. Nov. 23, 2015) ("While couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the 90-day requirement may be extended by Federal Rule of Civil Procedure 6(b).") (citation omitted); *Trigo v. TDCJ-ID Officials*, 2011 WL 335090, at *6 (S.D. Tex. Jan. 31, 2011) (collecting cases) ("Notwithstanding the mandatory language of Rule 25(a)(1), courts have

held that a Rule 6(b) motion to enlarge the time within which to move for substitution under Rule 25(a), even one brought delinquently, may be entertained by a court within its discretion if the moving party shows excusable neglect."); *Yazdchi v. American Honda Fin. Corp.*, 2006 WL 2456495, at *3 n.2 (N.D. Tex. Aug. 23, 2006) (Lindsay, J.) (same) (citing *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir.1993)).

### III.   Analysis

In seeking leave to extend the deadline to file her Motion to Substitute, Keliher states:

> The reason for the delay in filing the Motion to Substitute was based upon a combination of factors, including Temporary Administrator's counsel winding up of their prior law firm and attempting to find their next law firm, Temporary Administrator's counsel's focusing on certain conditions that needed to occur in order to try and get an agreement on an agreed motion to substitute as opposed to focusing on the 90-day deadline itself, and failing to calendar the 90-day deadline. Temporary Administrator's counsel always intended to file the Motion to Substitute as evidenced by them circulating a draft to FTB's counsel on January 27, 2018. Temporary Administrator also acted in good faith because as soon as her counsel determined that the 90-day deadline had passed, they immediately filed the Motion to Substitute. Temporary Administrator's counsel mistake was not intentional or the result of conscious indifference, but excusable neglect.

Mot. 7-8 (Doc. 54). Keliher has also submitted the Declaration of Brian E. Mason, her counsel, in support of her motion.

Mr. Mason explains in his Declaration that on January 27, 2018, well before Keliher's Motion to Substitute was due, he prepared and circulated a draft of the motion to substitute to FTB's counsel, seeking to confer and determine whether FTB opposed the motion given that Hill Jr. and FTB had previously entered into a preliminary settlement, and the court had appointed an Attorney Ad Litem who was in the process of reviewing the agreement. Mason Decl. ¶ 6. He further states

that in February 2018, he and co-counsel Michael Gruber learned that the law firm Gruber Hail Johansen Shank LLP was in the process of dissolving, and over the course of the next two months, they were occupied with finding a new employer. *Id.* ¶ 7. According to Mr. Mason, on April 16, 2018, he and Mr. Gruber began working at Dorsey & Whitney LLP, their current law firm. *Id.* ¶ 9. On April 20, 2018, he realized he had not filed the motion to substitute and took immediate measures to confer again with Keliher and FTB, and to revise and file the motion on April 24, 2018.

Although the circulated draft was not filed by the April 2, 2018 deadline (ninety-days after the statement noting death was filed in this case), Mr. Mason's preparation of a draft motion to substitute and his efforts to secure an agreement on the motion demonstrate his good faith. Mr. Mason's failure to file the motion in a timely fashion was an oversight, but considering all surrounding circumstances, including the intervening dissolution of the law firm Gruber Hail Johansen Shank LLP, and the need for him and Mr. Gruber to affiliate with a different employer, his failure to file the motion in a timely fashion falls within the Rule 6(b)(1)(B) excusable neglect standard.[2]

Further, FTB will not suffer prejudice if Keliher is allowed to file an untimely motion to substitute. FTB has indicated it is not opposed to the extension, FTB knew in January 2018 that Keliher was going to file a motion to substitute, and the parties have already informed the court of a settlement, which is in the process of being finalized.

---

[2] The court questions Keliher's decision to file the Motion to Substitute on April 24, 2018, knowing that it was twenty-two days late under Federal Rule of Civil Procedure 25, rather than seeking an extension of time under Federal Rule of Civil Procedure 6(b)(1). Such practice is disfavored by the court, as it caused the court to waste scarce judicial resources in researching and preparing the order holding that the initial motion to substitute was untimely, and, quite frankly, filing a motion without informing the court that it is untimely creates the impression that a party is trying to "slip something by the court."

**Memorandum Opinion and Order - Page 5**

In sum, the court finds that Mr. Mason's failure to timely file a motion to substitute was excusable. It, therefore, will grant Keliher's Rule 6(b)(1)(B) motion for an extension of time to file a motion to substitute. Keliher must file her motion to substitute by June 7, 2018.

IV. **Conclusion**

Based on the foregoing, the court **grants** Margaret Keliher, as Temporary Administrator of the Estate of Albert G. Hill, Jr.'s Unopposed Motion to Extend the Federal Rule of Civil Procedure 25(a) Deadline (Doc. 55). The deadline to file a motion to substitute pursuant to Federal Rule of Civil Procedure 25(a) is hereby extended to **June 7, 2018.**

**So ordered** this **30th day** of **May, 2018.**

Sam A. Lindsay
United States District Judge